IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL WILLIAM BRADLEY,
    Plaintiff,

vs.                                                  Case No.: 3:11cv275/RS/EMT

BRIAN JAMES HOOPER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a complaint for monetary damages (doc. 1). The court issued an order directing him to file an amended complaint clarifying the jurisdictional basis for this action (doc. 4). Plaintiff filed an amended complaint (doc. 5) and then a second amended complaint, in which he asserts federal question jurisdiction under 28 U.S.C. § 1331, based upon allegations that Defendant violated his federal constitutional rights (doc. 10 at 1–2).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read Plaintiff's pro se allegations in a liberal fashion. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to Plaintiff. *See* Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). However, such acceptance

should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim. *See* Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of Plaintiff's pleadings, the court concludes Plaintiff has not presented and cannot present an actionable federal claim. Dismissal of this case is therefore warranted.

Plaintiff's names Brian James Hooper as the sole Defendant in this case (*see* docs. 1, 5, 10).[2] He states that in 1998, he became Defendant's yoga teacher, Kung-Fu teacher, personal legal assistant, mentor, academic adviser, and house servant, and that he loyally served him seven days and nights a week from 1998 to 2010 (*id.*). Plaintiff states during that time, he assisted Defendant

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] The court includes Plaintiff's factual allegations from both his initial and amended complaints (docs. 1, 5, 10).

in filing and litigating Hooper v. Dierks, et al., Case No. 4:07cv310, in the United States District Court for the Western District of Missouri, a case in which Defendant Hooper sued his grandfather and trustees from the United Missouri Bank (*id.*).[3] Plaintiff states Defendant was successful in the litigation and obtained a monetary settlement, which transformed him from a pauper to a multimillionaire (*id.*). Plaintiff claims that Defendant never would have prevailed in the lawsuit without his assistance (*id.*). He states Defendant "discarded [him] as an unpaid slave" and failed to compensate him for his "instrinsic" services as a paralegal, servant, yogi, and sifu from 1998 to 2010 (*id.*). He contends this deprived him of his federal constitutional rights to life, liberty, and happiness, as well as his ability to tithe and pay taxes (*see* docs. 5, 10). Plaintiff states Defendant Hooper's conduct subjugated him to a life of pain, shame, poverty, malnourishment, indignation, and sorrowful emotional distress (*id.*). As relief, he seeks compensatory damages in the amount of $450,000.00 and exemplary damages in the amount of $630,000.00 (*id.*).

In order to prevail in a section 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a state actor one of three conditions must be met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint

---

[3] The court takes judicial notice of the electronic docket of the United States District Court for the Western District of Missouri, which reflects Brian Hooper filed a complaint against Fred Dierks and the United Missouri Bank on April 20, 2007. *See* https://ecf.mowd.uscourts.gov, Case No. 4:07cv310-DGK. The complaint alleged Mr. Dierks and UMB violated the Uniform Missouri Trust Code and committed various torts in relation to their administration of a trust of which Defendant was a beneficiary. *See* Complaint, Apr. 20, 2007, ECF No. 7; Amended Complaint, June 21, 2007, ECF 9; Second Amended Complaint, Dec. 26, 2007, ECF 37. The parties settled the case, and on December 31, 2008, the court approved the settlement agreement and dismissed the case. *See* Order, Dec. 30, 2008, ECF 100; Stipulation of Dismissal, Dec. 31, 2008, ECF 101; Order of Dismissal, Dec. 31, 2008, ECF 102.

participant in the enterprise ("nexus/joint action test").  Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citation omitted).

In the instant case, there is no question that Defendant was acting as a private party in his interaction with Plaintiff.  None of the three conditions required to hold private parties liable as state actors is met, and Defendant is not a state actor.  Therefore, Plaintiff has failed to state a claim under section 1983.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 11th day of August 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**